1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   NORMAN JOHNSON,                      Case No. 1:22-cv-00858-CDB (PC)

12                 Plaintiff,             FINDINGS AND RECOMMENDATIONS TO
                                          DISMISS ACTION FOR FRIVOLOUSNESS
13          v.
                                          (ECF No. 1)
14   AVENAL STATE PRISON, *et al.*,

15                 Defendants.            **FOURTEEN (14) DAY DEADLINE**

16                                        Clerk of Court to assign a district judge.

17

18          Plaintiff Norman Lamont Johnson is a state prisoner proceeding *pro se* in this civil rights

19   action filed under 42 U.S.C. § 1983.  On July 12, 2022, Plaintiff filed a complaint alleging

20   Defendants subjected him to sexual harassment and racial discrimination.  (ECF No. 1.)  At the

21   same time, Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.

22   (ECF No. 2.)  Upon screening of the complaint, the Court finds that Plaintiff's complaint is

23   frivolous and fails to state a claim upon which relief may be granted must be dismissed pursuant

24   to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 28 § 1915A(b)(1).  The Court further finds the

25   deficiencies in the complaint cannot be cured by amendment and therefore recommends

26   dismissal of this action.

27   **I.      SCREENING REQUIREMENT**

28          The Court is required to screen complaints brought by prisoners seeking relief against a

1    governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

2    The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are

3    frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary

4    relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28

5    U.S.C. § 1915A(b).  These provisions authorize the court to dismiss a frivolous *in forma pauperis*

6    complaint *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319, 322 (1989).  Dismissal based on

7    frivolousness is appropriate "where it lacks an arguable basis either in law or in fact."  *Id.* at 325.

8    **II.    PLEADING REQUIREMENTS**

9        **A.    Federal Rule of Civil Procedure 8(a)**

10       A complaint must contain "a short and plain statement of the claim showing that the

11   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement must give the defendant fair

12   notice of the plaintiff's claims and the grounds supporting the claims.  *Swierkiewicz v. Sorema N.*

13   *A.*, 534 U.S. 506, 512 (2002).  Detailed factual allegations are not required, but "[t]hreadbare

14   recitals of the elements of a cause of action, supported by mere conclusory statements, do not

15   suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

16   U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

17   'state a claim that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

18   at 570).  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal*, 556 U.S. at

19   678 (citing *Twombly*, 550 U.S. at 555).

20       The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit

21   of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  This liberal

22   pleading standard applies to a plaintiff's factual allegations but not to his legal theories.  *Neitze*,

23   490 U.S. at 330 n.9.  Moreover, a liberal construction of the complaint may not supply essential

24   elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d

25   1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not

26   required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

27   (9th Cir. 2009) (*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir.

28   2008)).  The mere possibility of misconduct and facts merely consistent with liability is

1  insufficient to state a cognizable claim.  *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572

2  F.3d 962, 969 (9th Cir. 2009).

3      Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely

4  clear that no amendment can cure the defect."  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th

5  Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *Cervantes v.*

6  *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend

7  should be given freely, a district court may dismiss without leave where a plaintiff's proposed

8  amendments would fail to cure the pleading deficiencies and amendment would be futile.").

9      **B.   *Bivens***

10      A *Bivens* action is the federal analog to suits brought against state officials under 42

11  U.S.C. § 1983.  *Iqbal*, 556 U.S. at 676–77) (quoting *Hartman v. Moore*, 547 U.S. 250, 254, n.2

12  (2006).  "Actions under § 1983 and those under Bivens are identical save for the replacement of

13  a state actor under § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406,

14  409 (9th Cir. 1991).  Under *Bivens*, a plaintiff may sue a federal officer in an individual capacity

15  for damages for violating the plaintiff's constitutional rights.  *See Bivens*, 403 U.S. at 397.  To

16  state a claim under *Bivens*, a plaintiff must allege: (1) a right secured by the Constitution of the

17  United States was violated, and (2) the alleged violation was committed by a federal actor.  *See*

18  *Van Strum*, 940 F.2d at 409.  "A plaintiff must plead more than a merely negligent act by a

19  federal official in order to state a colorable claim under *Bivens*."  *O'Neal v. Eu,* 866 F.2d 314,

20  314 (9th Cir. 1989) (per curiam), *cert. denied*, 492 U.S. 909 (1989).

21  **III.   PLAINTIFF'S ALLEGATIONS**

22      Plaintiff provides sparse factual allegations.  In his first claim, Plaintiff asserts that his

23  "sexual harassment rights" were violated.  (ECF No. 1 at 4.)  According to Plaintiff, at work

24  change on April 16, 2022,[1] Correctional Officer ("CO") Salsbury ordered Plaintiff to undress a

25  second time for inspection.  When Plaintiff asked why, CO Salsbury stated, "Because you didn't

26  pull your underwear down for me."  (*Id.*)  Plaintiff states he felt "singled out" and "sexually

27  harassed and degraded."  (*Id.*)

28

---

[1]Although Plaintiff failed to allege the year the events occurred, the attachments to the complaint
clearly indicate that the relevant year is 2022.  (ECF No. 1 at 3, 5–6.)

1    Plaintiff bases his second claim on violations to his "personal safety rights/racial

2    equality" and "racial degradation." (*Id.* at 7.)  On April 1, 2022, when Plaintiff returned from

3    medical transport in Bakersfield, one of the transport officers asked Plaintiff, "Why are you the

4    only black person at Avenal?" (*Id.*)  The officer and other COs allegedly started laughing.

5    Plaintiff replied, "Please don't do that, I don't find that funny in any way" and returned to

6    housing. (*Id.*)  Plaintiff feels he was "racially profiled and disrespected because of [his]

7    ethnicity." (*Id.*)

8    **IV.    DISCUSSION**

9        **A.    Signature**

10       Plaintiff has failed to sign the complaint as required by Local Rule 131(b) and Rule 11(a)

11   of the Federal Rules of Civil Procedure.  Plaintiff's complaint must be stricken for this reason.

12   *See, e.g.*, *Williams v. Corcoran State Prison*, No. 1:21-cv-01009-JLT-BAM (PC), 2022 WL

13   1541567, at *1 (E.D. Cal. May 16, 2022), *F. & R. adopted*, 2022 WL 2177105 (E.D. Cal. June

14   16, 2022); *Bradford v. Brewer*, No. 2:21-cv-1413-KJM-KJN P, 2021 WL 6116795, at *1 (E.D.

15   Cal. Dec. 27, 2021); *Torres v. Sup. Ct. of Cal. Cnty. of Riverside*, No. 1:19-cv-01692-DAD-GSA

16   (PC), 2021 WL 4951721, at *1 (E.D. Cal. Oct. 25, 2021), *F. & R. adopted*, 2021 WL 6052189

17   (E.D. Cal. Dec. 21, 2021); *see also Littleton v. Montiez*, No. 2:22-CV-0700 KJN P, 2022 WL

18   2068266, at *1 (E.D. Cal. June 8, 2022) (advising Plaintiff that all documents submitted to the

19   court must bear his signature).

20       **B.    Demand for Relief**

21       The complaint also violates Rule 8(a)(3), which requires a claim for relief "contain . . . a

22   demand for the relief sought." Fed. R. Civ. P. 8(a)(3).  A plaintiff must state with specificity the

23   relief he seeks. *See Seven Words LLC v. Network Sols.*, 260 F.3d 1089, 1098 (9th Cir. 2001)

24   (observing that "useless statement, 'I was wronged and am entitled to judgment for everything to

25   which I am entitled,'" would violate Rule 8(a)(3)).  Plaintiff's complaint must be dismissed for

26   failure to contain a demand for the relief sought. *See Ford v. Newsom*, No. 2:20-cv-2087-EFB P,

27   2021 WL 1611679, at *1 (E.D. Cal. Apr. 26, 2021); *Johnson v. Unknown*, No. 2:21-cv-1450-

28   KJM-EFB (PC), 2021 WL 5179896, at *2 (E.D. Cal. Nov. 8, 2021); *Poynter v. Peterson*, No.

1    2:21-cv-0012-EFB P, 2021 WL 4065477, at *1 (E.D. Cal. Sept. 7, 2021); *Moten v. Pulido*, No.

2    CV 22-04942-DOC (PLA), 2022 WL 3566816, at *6 (C.D. Cal. Aug. 17, 2022).

3        **C.    Claim I:  Sexual Harassment**

4        Plaintiff alleges he was sexually harassed and degraded by Defendant Salsbury, who

5    made him undress twice at work change.  However, Plaintiff's allegations are wholly insufficient

6    to state a cognizable Eighth Amendment claim based on sexual harassment.

7        Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth

8    Amendment.  *Wood v. Beauclair*, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing *Schwenk v.*

9    *Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)).  In evaluating such a claim, the court considers

10   whether "the official act[ed] with a sufficiently culpable state of mind"—the subjective

11   component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a

12   constitutional violation"—the objective component.  *Wood*, 692 F.3d at 1046 (alteration in

13   original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

14       Plaintiff's subjective feelings that he was harassed and degraded are irrelevant in a *Bivens*

15   context.  The allegations fail to support a claim that CO Salsbury's conduct was objectively

16   harmful enough to constitute sexual harassment in violation of the Eighth Amendment or that

17   CO Salsbury subjectively intended to humiliate, degrade, or demean Plaintiff.  By Plaintiff's

18   account, none of CO Salsbury's statements or actions were sexual or abusive in nature, and CO

19   Salsbury provided a penological reason for directing Plaintiff to undress a second time.  Because

20   this claim lacks a cognizable legal theory supported by facts, it is frivolous and must be

21   dismissed.

22       **D.    Claim II:  Racial Profiling and Degradation**

23       In his second claim, Plaintiff alleges that he was racially profiled, disrespected, and

24   degraded when a transport officer asked, "Why are you the only black person at Avenal[?]",

25   causing laughter among several COs.  The Court liberally construes the *pro se* complaint to

26   assert a claim of racial discrimination under the Equal Protection Clause of the Fourteenth

27   Amendment.  Initially, this claim fails because it is improperly joined under Federal Rules of

28   Civil Procedure 20(a), which allows for joinder of defendants if "any right to relief is asserted

5

1   against them jointly, severally, or in the alternative with respect to or arising out of the same

2   transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact

3   common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See also George v.*

4   *Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong

5   in different suits."). Here, Plaintiff's claims are based on unrelated events that occurred on

6   different days and involved different COs. The second claim contains no allegations against the

7   prison or CO Salsbury. The unidentified transport officer is not a named defendant. Therefore,

8   the second claim is improperly joined, and the Court lacks jurisdiction over the claim or the

9   unnamed transport officer.

10       This claim also fails on the merits and is frivolous. "Prisoners are protected under the

11   Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on

12   race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Lee v. Washington*, 390 U.S. 333

13   (1968)).[2] However, the court lacks jurisdiction to entertain claims that are "so attenuated and

14   unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous,

15   plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37

16   (1974) (citations and internal quotations omitted). *City of Las Vegas v. Clark Cnty.*, 755 F.2d

17   697, 701 (9th Cir. 1985) (quoting *Demarest v. United States*, 718 F.2d 964, 966 (9th Cir. 1983)

18   (finding the court lacks jurisdiction over a claim that is "patently without merit, or so

19   insubstantial, improbable, or foreclosed by Supreme Court precedent as not to involve a federal

20   controversy.").

21       The single, passing comment by a transport officer is plainly insubstantial and does not

22   rise to the level of a constitutional violation. Plaintiff's subjective feeling that he was "racially

23   profiled and disrespected" does not establish an injury that can be remedied by court order. This

24   claim is clearly frivolous and meritless. For these reasons, Plaintiff is unable to proceed on his

25   claims of sexual and racial harassment.

26

27       [2] To state a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show he was intentionally treated differently than other "similarly situated" inmates, and a specific

28   defendant "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir. 2005) (finding the mere fact that a plaintiff's race differs from that of defendants, "standing alone," does not give rise to an inference of "discriminatory intent").

1

**D.      CONCLUSION**

2      The complaint must be dismissed for Plaintiff's failure to sign the document and to make

3 a demand for relief.  More significantly, Plaintiff's claims lack an arguable basis either in law or

4 in fact and are frivolous.  Based upon the facts alleged, the deficiencies cannot be cured by

5 amendment, and further leave to amend would be futile.  Therefore, the Court should dismiss this

6 action with prejudice.

7      Accordingly, IT IS HEREBY RECOMMENDED:

8      1.      Plaintiff's complaint be dismissed with prejudice; and

9      2.      The Clerk of Court be directed to close this case.

10      These findings and recommendations will be submitted to the United States District

11 Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** from

12 the date of service of these findings and recommendations, Plaintiff may file written objections

13 with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings

14 and Recommendations."  Plaintiff's failure to file objections within the specified time may result

15 in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

16 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

17      The Clerk of Court is DIRECTED to assign a district judge to this case.

18

19 IT IS SO ORDERED.

20      Dated:   **October 20, 2022**

UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

7